IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEREMY CLARK,

                  Plaintiff,

      v.

HEATHER HEINEN,

                  Defendant.

OPINION AND ORDER

17-cv-393-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Jeremy Clark is proceeding on a claim that defendant Heather Heinen violated his Eighth Amendment rights by failing to take reasonable measures to respond to plaintiff's request for help during a psychotic episode, which resulted in his attempting suicide. Plaintiff has filed a motion for summary judgment, dkt. #16, which defendant opposes on the ground that there are genuine disputes of material fact. In addition, plaintiff has filed a motion objecting to defendant's supplemental discovery response related to suicide prevention training she allegedly attended at some time after the incident in question in this case. Dkt. #31.

Because the parties' proposed findings of facts and responses confirm that there are disputed issues of material fact that must be resolved by a jury, I am denying plaintiff's motion for summary judgment. I also find that the supplemental discovery response to which plaintiff objects makes no difference to the outcome of plaintiff's motion for summary judgment. Therefore, I am denying plaintiff's motion related to defendant's supplemental discovery response without prejudice to his objecting to the relevance of this evidence at

1

trial.

OPINION

A.  Motion for Summary Judgment

The Eighth Amendment imposes a duty on prison officials not only to provide "humane conditions of confinement," but to insure that "reasonable measures" are taken to guarantee inmate safety and prevent harm.  Farmer v. Brennan, 511 U.S. 825, 834-35 (1994).  An inmate may prevail on a claim under the Eighth Amendment by showing that the defendant acted with "deliberate indifference" to a "substantial risk of serious harm" to his health or safety.  Id. at 836.  Attempted suicide is a serious harm under the Eighth Amendment.  Minix v. Canarecci, 597 F.3d 824, 831 (7th Cir. 2010). "Deliberate indifference to a risk of suicide is present when an official is subjectively 'aware of the significant likelihood that an inmate may imminently seek to take his own life' yet 'fail[s] to take reasonable steps to prevent the inmate from performing the act.'"  Pittman ex rel. Hamilton v. County of Madison, Illinois, 746 F.3d 766, 775-76 (7th Cir. 2014) (alteration in original) (quoting Collins v. Seeman, 462 F.3d 757, 761 (7th Cir. 2006)).  See also Rice ex rel. Rice v. Correctional Medical Services, 675 F.3d 650, 665 (7th Cir. 2012) ("[P]rison officials have an obligation to intervene when they know a prisoner suffers from self-destructive tendencies.").

In this case, plaintiff was permitted to proceed on his Eighth Amendment claim that defendant Heinen, a correctional officer, acted with deliberate indifference to plaintiff's

statements that he was having a psychotic episode and thoughts of suicide on March 16, 2017 at the Waupun Correctional Institution. Under plaintiff's version of events, he began experiencing a "psychotic episode" with "suicidal ideations" as a result of his post traumatic stress disorder. Defendant was on rounds at the time, and plaintiff told her what was happening and asked to be placed in clinical observation. Defendant yelled at plaintiff to "put in the proper paperwork," stated that "you didn't tell me anything" and continued on her rounds. Soon afterwards, plaintiff's anxiety increased and he took more than 80 pills in an attempt to end his life. Plaintiff told another correctional officer that he had taken the pills, and plaintiff was taken to Waupun Memorial Hospital where he was treated for an overdose. A few days later, defendant drafted a report in which she lied about plaintiff's request for help.

If a jury were to believe plaintiff's version of events, it may reasonably conclude that defendant deliberately ignored plaintiff's requests for help, thus acting with deliberate indifference to a substantial risk of serious harm to plaintiff. However, defendant's description of what happened on March 16, 2017 differs materially from plaintiff's. In particular, defendant alleges that plaintiff never told her that he was feeling suicidal or that he wanted to be placed in observation and that she never yelled over her shoulder to tell plaintiff to put in the proper paperwork.

Defendant's factual disputes are material. Under her version of events, she did not know about plaintiff's past mental health issues or that plaintiff intended to harm himself on March 16, 2017. Defendant also says that while she was assisting with meal delivery on

that day, plaintiff asked her how to spell her name because he was writing a health services request and wanted to put her name on the document because he was going to make a lawsuit regarding this. If a jury were to believe defendant's version of events, it may conclude reasonably that defendant should not be liable under the Eighth Amendment because she did not deliberately disregard a known substantial threat of harm to plaintiff. Because the parties' factual disputes cannot be resolved at summary judgment, I must deny plaintiff's motion for summary judgment. United States v. Luce, 873 F.3d 999, 1005 (7th Cir. 2017) (summary judgment appropriate only when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law") (citations omitted); Fed. R. Civ. P. 56(a).

Because the deadline for filing dispositive motions has passed, this case will proceed to trial on plaintiff's Eighth Amendment claim that defendant Heinen failed to take reasonable measures to respond to plaintiff's request for help during a psychotic episode, which resulted in his attempting suicide.

B. Motion to Strike Discovery Response

Plaintiff objects to defendant's supplementation of a discovery answer relating to her training record. Specifically, he notes that in response to an interrogatory, defendant produced a record of her training that did not include any suicide prevention training, but she later supplemented her response because she "inadvertently omitted [her] suicide prevention training from 2017." Plaintiff contends that the suicide prevention training is

4

irrelevant because defendant says she completed it in December 2017, after the events at issue in this case occurred.  As defendant points out, Federal Rule of Civil Procedure 26(e) requires a party to supplement its interrogatory responses if it learns that its initial response was incomplete or incorrect.  Plaintiff is correct that the suicide training in question makes no difference to the outcome of plaintiff's motion for summary judgment, but it is not necessary to strike the interrogatory response.  If defendant later seeks to present evidence of her 2017 suicide prevention training at trial, plaintiff may object to such evidence as irrelevant.  Therefore, plaintiff's motion will be denied without prejudice to his raising the objection at trial.

ORDER

IT IS ORDERED that

1.  Plaintiff Jeremy Clark's motion for summary judgment, dkt. #16, is DENIED. This case will proceed to trial on plaintiff's Eighth Amendment claim against defendant Heather Heinen.

2.  Plaintiff's motion objecting to defendant's supplemental discovery response, dkt. #31, is DENIED without prejudice.

Entered this 20th day of September, 2018.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge