IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEREMY CLARK,

                Plaintiff,

v.

HEATHER HEINEN,

                Defendant.

ORDER

17-cv-393-slc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Jeremy Clark is proceeding to trial on a claim that defendant Heather Heinen violated his Eighth Amendment rights by failing to take reasonable measures to respond to his request for help during a psychotic episode, which resulted in his attempting suicide. Clark has filed a motion (dkt. 71) to strike the exhibits attached to Clark's deposition, dkt. 64-1 and 2, which Heinen filed in preparation for trial. Clark, by counsel, contends that because these exhibits contain his confidential medical information, it was flat-out wrong for the State to file them openly in the court record. With due respect to Clark's privacy concerns, I am denying his motion.

As Heinen points out, in this circuit, documents that "influence or underpin the judicial decision are open to public inspection unless" the documents include "trade secrets," "information covered by a recognized privilege," or "information required by statute to be maintained in confidence." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545-46 (7th Cir. 2002); *see also Vogelsberg v. Kim*, W.D. Wis. Case No. 17-cv-596-jdp, dkt. 104 at 7-8 (quoting same). The deposition exhibits at issue here are a psychological services request form that Clark completed and an incident report prepared by staff following Clark's suicide attempt. Although both documents generally refer to Clark's suicidal thoughts and suicide attempt, Clark has not shown that the information at issue falls within any of the protected categories set forth in

*Baxter*. In his reply brief, Clark cites Wis. Stat. § 146.82, which provides that "patient health care records shall remain confidential" and "may be released only to the persons designated in this section or to other persons with the informed consent of the patient or of a person authorized by the patient." However, that statute generally applies to third parties disclosing a patient's medical records, not to administrative requests or incident reports. Moreover, the records at issue discuss the very incident that Clark is challenging in his Eighth Amendment claim. Another court considering a similar objection under the Health Insurance Portability and Accountability Act (HIPAA) observed that "plaintiffs who place their medical condition at issue waive any applicable privileges or statutory protections that their medical records would have otherwise had." *Tyson v. Regency Nursing, LLC*, No. 17-cv-91-djh, 2018 WL 632063, at *1-2 (W.D. Ky. Jan. 30, 2018).

Accordingly, because Clark has not shown that any statutory provision would give him the right to keep the psychological services request and incident report in this case sealed, I will deny his motion.

ORDER

IT IS ORDERED that plaintiff Jeremy Clark's motion to strike, dkt. 71, is DENIED.

Entered this 28th day of August, 2019.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge