# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

JEREMY CLARK,

    Plaintiff,

v.

HEATHER HEINEN,

    Defendants.

Case No.: 17-CV-0393

## PLAINTIFF'S RESPONSE TO DEFENDANT'S PROPOSED EXHIBITS

Plaintiff Jeremy Clark, by his counsel, responds to Defendant's Proposed Exhibit List, as follows:

**No objection:** Exhibits 501, 502, 503, 505,* 506,* 507.* and 511 (*Assuming each of the drafters of the report testifies). Further, with respect to Exhibit 511, Plaintiff believes only the two-page complaint should be included. Plaintiff objects to the extent his "appeal" of the denial of his complaint is included, as it contains information that the complaint was denied by the Warden/Corrections Department, who is not a witness in this case nor does it outline the standards the Warden/Corrections used when deciding the complaint, etc.

**Objection:**

**Exhibit 504** – This is a policy document of the Department of Corrections. No person has been designated by Defendant to speak as to this policy. It also does not apply to the events of March 16, 2017 as Clark was not in a segregated unit or in clinical observation, and is therefore prejudicial. In addition, Defendant did identify herself as a

"non-retained expert" on July 26, 2018, *see* Docket Entry #30, but she did not produce any report or further comply with the requirements of Rule 26(a)(2)(c) because she does not state her opinions as to these policies. *See also* Order, Dkt. #14, at p.5, which specifically requires that she provide a report, even as a non-retained expert:

> 3. Disclosure of Expert Witnesses: Plaintiff: June 15, 2018
>
>    Defendant: July 27, 2018
>
> Because expert witnesses are different from other witnesses, there is a special rule telling how plaintiffs and defendants must name their experts and explain what those experts are going to say at trial. That rule is Rule 26(a)(2) of the Federal Rules of Civil Procedure. If a party does not follow the requirements of Rule 26(a)(2) by his (or her) deadline to disclose expert witnesses, then this court will not allow that expert witness to present evidence in this case.

**Exhibit 508** – No person has been designated by Defendant to speak to this Document, nor does it appear the document has been produced to Plaintiff. **There are two exhibits identified as 508. The objection applies to both.**

**Exhibit 509** – No person has been designated by Defendant to speak to this Document, nor does it appear the document has been produced to Plaintiff.

**Exhibit 510** – No person has been designated by Defendant to speak to this Document, nor does it appear the document has been produced to Plaintiff. Moreover, none of the identified witnesses are records custodians able to authenticate the document. Finally, the document would be prejudicial if it shows any complaints that Clark made previously about anything within the prison. Unless his complaint(s) relate specifically to suicide,

PTSD or some other mental health ideation, the document should not be admitted.

**Exhibit 512** – It is unclear the purpose of this document, as it will show only the purchases that Clark made from the canteen. Without knowing the purpose of this documents (or even having an opportunity to review it, as it was not produced to Plaintiff's counsel), Plaintiff objects.

**Exhibit 513** – Same objection as to Exhibit 512. A trust account statement does not pertain to the issues involved in this case and could be prejudicial if shown to a jury.

**Exhibit 514** – It is unclear the purpose of this document. Without knowing the purpose of this documents (or even having an opportunity to review it, as it was not produced to Plaintiff's counsel), Plaintiff objects. Moreover, there is no dispute that Heinen worked on March 16, 2017. There is no basis to concluded that her work history prior to March 16, absent additional information, is relevant.

**Exhibits 515 and 516** – As Defendant clearly is aware, a settlement agreement generally is confidential, and even if it is not confidential, it would be prejudicial to the Plaintiff. The only purpose for even attempting to put these documents forward is to suggest that Plaintiff is litigious and/or has sued the Department of Corrections or its employees before. This would be tantamount to allowing Plaintiff to produce evidence that DOC and its employees have been sued in the past and DOC has paid damages for the incompetence of its employees. Moreover, these documents have not been produced to Plaintiff's counsel. And finally, Exhibit 516 identifies it is a settlement

agreement for civil case 16-cv-1984. Defendant does not identify the district from which this settlement agreement purportedly emanates from, but there is no case #16-cv-1984 in either the Eastern or Western District of Wisconsin.

**Exhibit 517** – It is appears that Defendant wants to use a "Notice of No action" report, authored by Brian Foster, the Warden at Waupun, dated May 5, 2017. This document was produced by Attorney Polich on August 16, 2019, and was not included in earlier discovery documents produced to Jeremy Clark. The document should not be admitted. First, Mr. Foster is not a named witness, and this document is hearsay. In addition, the document is prejudicial as to Plaintiff because the standards that DOC or a warden may use to investigate a matter are different than the standards used in a civil trial in federal court. Finally, based on the limited file produced by Defendant (or rather DOC), it does not appear as if Warden Foster interviewed either Mr. Diggs or Mr. St. Clair for purposes of the investigation.

Dated this 5th day of September, 2019.

**CADE LAW GROUP LLC**

By: s/ NATHANIEL CADE, JR.
    Nathaniel Cade, Jr. SBN:1028115
    P.O. Box 170887
    Milwaukee, WI 53217
    (414) 255-3802 (phone)
    nate@cade-law.com
    Attorneys for Plaintiff Jeremy Clark